UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LATEEF D. TERRELL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 12-CV-2193 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION

This case is before the court for ruling on the pro se Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (#1) filed by Petitioner, Lateef D. Terrell. After careful consideration of Petitioner's Motion (#1) and Memorandum in Support (#2), the Government's Response (#7), Petitioner's Reply (#8), and Petitioner's Supplemental Reply (#9), Petitioner's Motion to Vacate, Set Aside or Correct Sentence (#1) is DENIED.

FACTS

PROCEEDINGS IN CRIMINAL CASE

On December 22, 2010, agents of the Kankakee Area Metropolitan Enforcement Group (KAMEG) executed a search warrant at Petitioner's apartment in Kankakee, in the Central District of Illinois, while Petitioner was present. The search warrant was based on information from an informant who had been inside Petitioner's apartment and had seen Petitioner in possession of marijuana packaged for sale. Agents found and seized a loaded Ruger .45 caliber semi-automatic pistol under a mattress in the petitioner's bedroom. In the closet of the same bedroom, they found a loaded Hi-Point 9 millimeter semi-automatic pistol on the top shelf of the closet. In the same closet, they found 113 grams of marijuana and a digital scale. Agents also

1

recovered 9 millimeter ammunition and a holster in the bedroom. In the kitchen, agents found additional marijuana and a digital scale.

Petitioner admitted to agents that he had the gun under the mattress in his bedroom. He also acknowledged possessing the marijuana in his closet, but claimed it was all for personal use. At the time of the search, Petitioner had five prior felony convictions. Both firearms functioned as designed and had moved in interstate commerce prior to that date.

On April 6, 2011, in Case No. 11-CR-20026, a federal grand jury returned a single-count indictment charging Petitioner with unlawful possession a firearm by a felon in violation of 18 U.S.C. §922(g)(1). On October 18, 2011, after several continuances at Petitioner's request, Petitioner pleaded guilty to the indictment before United States Magistrate Judge David G. Bernthal. Petitioner did not agree to a written plea agreement, and the court scheduled the matter for sentencing on January 27, 2012.

A Presentence Investigation Report (PSR) was prepared and stated that Petitioner's base offense level was 24 under U.S.S.G. §2K2.1(a)(2) because he was a prohibited person at the time he possessed the firearms and had two prior drug trafficking convictions. In the PSR, Petitioner's base offense level was increased by four levels since Petitioner possessed the two guns in connection with his possession of a distribution quantity of marijuana, but was reduced by three levels for acceptance of responsibility. The ultimate offense level was 25. Petitioner had a criminal history category of VI based on 34 criminal history points, including four prior felony convictions for possession of marijuana with intent to distribute. Petitioner's resulting advisory guideline range was 110 to 137 months of imprisonment, but was capped by the 120-month statutory maximum sentence. The PSR noted that Petitioner's 34 criminal history points ordinarily would have been an aggravating factor justifying an upward variance from the

advisory guideline range if not for the statutory maximum. Petitioner objected to the four-level upward adjustment for possessing the guns in connection with another felony offense, arguing that he intended to use the marijuana and not sell it.

On January 27, 2012, a sentencing hearing was held and this court heard arguments regarding the four-level enhancement. This court rejected Petitioner's argument. After hearing the recommendations of the parties and Petitioner's allocution, this court imposed a sentence of 77 months, a sentence significantly below the advisory guideline range.

## PROCEEDINGS UNDER SECTION 2255

Petitioner did not file a notice of appeal. Instead, on July 27, 2012, Petitioner filed the present motion before this court pursuant to 28 U.S.C. §2255 to vacate his conviction and set aside his sentence. Petitioner argued that this court did not have subject matter jurisdiction over his case and that he was denied the effective assistance of counsel because his counsel allowed him to plead guilty when this court lacked subject matter jurisdiction. Petitioner contended that this court is without subject matter jurisdiction to hear matters occurring within the boundaries of the State of Illinois unless the crime is for treason, piracy on the high seas, or counterfeiting United States coins or securities. Petitioner argued that his crime was local in nature and that it should have been prosecuted by local authorities. Citing *United States v. Lopez*, 514 U.S. 549 (1995), Petitioner also argued that, under the federal system, the states possess primary authority for defining and enforcing the criminal law.

The Government filed a response on August 27, 2012, arguing that Petitioner's claims are completely without merit. The Government argued that this court had subject matter jurisdiction because Petitioner was charged with a violation of federal criminal law, namely 18 U.S.C. §922(g)(1). The Government argued that the Seventh Circuit has repeatedly upheld

federal convictions under this statute, and that *Lopez* did not limit the scope of §922(g)(1). The Government argued that Petitioner's argument to the contrary is frivolous and his Motion should be denied in its entirety.

On September 6, 2012, Petitioner filed a Reply (#8). Petitioner again argued that his crime was only lawfully punishable by the State of Illinois. On September 21, 2012, Petitioner filed a Motion to Supplement Reply (#9). Petitioner argued that he made a mistake by not including in his Reply that this is a non-maritime offense.

## ANALYSIS

This court first notes that relief under 28 U.S.C. § 2255 is reserved for extraordinary circumstances. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). For a petitioner to prevail, he must "demonstrate that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995). This court agrees with the Government that Petitioner's arguments are frivolous and do not warrant an evidentiary hearing or relief under 28 U.S.C. §2255. This court will grant Petitioner's Motion to Supplement Reply (#9) but finds the additional arguments included in the Supplemental Reply are frivolous as well.

As the Seventh Circuit has stated, "district judges always have subject-matter jurisdiction based on *any* indictment purporting to charge a violation of federal criminal law." *United States v. Bjorkman,* 270 F.3d 482, 490 (7th Cir. 2001) (emphasis in original). Petitioner was charged with violating federal law, 18 U.S.C. §922(g)(1). In *Lopez*, the United States Supreme Court held that the Gun-Free School Zones Act of 1990 exceeded Congress' Commerce Clause authority. *Lopez*, 514 U.S. at 551. The Court concluded that the "Act neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate

commerce." *Lopez*, 514 U.S. at 551.  The Seventh Circuit has recognized that *Lopez* distinguished the statute it invalidated from those like §922(g)(1) containing an interstate commerce element that "would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *United States v. Sarraj*, 665 F.3d 916, 921 (7th Cir. 2012); *quoting Lopez*, 514 U.S. at 561-62.  Therefore, *Lopez* has no application to Petitioner's case.  *See Sarraj*, 665 F.3d at 921; *see also United States v. Lemons*, 302 F.3d 769, 772-73 (7th Cir. 2002.). The Seventh Circuit has "repeatedly and consistently held that a firearm's single past journey across a state line satisfies the interstate commerce element of §922(g)(1)." *Sarraj*, 665 F.3d at 921.  There was no dispute in this case that the firearms found during the execution of the search warrant had moved in interstate commerce. Therefore, Petitioner was properly charged with committing a federal crime, 18 U.S.C. §922(g)(1).  The court in *Sarraj* soundly rejected the arguments that "federal law enforcement officials must defer to state authorities who may wish to prosecute locally under state law" and that "§922(g)(1) prosecutions must be confined to contexts that are uniquely and necessarily federal." *Sarraj*, 665 F.3d at 922.  Petitioner's arguments fare no better.  Because Petitioner was charged with committing a federal crime, this court had subject matter jurisdiction over Petitioner's case and Petitioner's claims are completely without merit.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing §2255 Proceedings, this court denies a certificate of appealability in this case. This court concludes that jurists of reason would not find it debatable whether Petitioner's Motion states a valid claim of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

IT IS THEREFORE ORDERED THAT:

(1) Petitioner's Motion to Supplement Reply (#9) is GRANTED.

(2) Petitioner's Motion Under 28 U.S.C. to Vacate, Set Aside, or Correct Sentence (#1) is DENIED.

(3) Petitioner's Motion for a Certificate of Appealability is DENIED.

(4) This case is terminated.

ENTERED this 25th day of July, 2013

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE